IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE O'NEAL BROWN,

      Plaintiff,                         No. CIV S-08-1880 EFB P

    vs.

CDC DIRECTOR, et al.,

      Defendants.                ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

      Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds that some claims ought to have been brought in the United States District Court for the Northern District of California, and other allegations fail to state a claim for relief.  Accordingly, the court dismisses some claims without prejudice to bringing them in the Northern District, dismisses some claims with prejudice, and dismisses others with leave to amend.

In claims 5 - 9 of the complaint, plaintiff alleges violations of the injunctive provisions of *Armstrong v. Schwarzenegger*.  In *Armstrong*, a judge of the United States District Court for the Northern District of California found that California parole officials were in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 1232, *et seq*., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  *See Armstrong v. Schwarzenegger*, No. C 94-2307 CW, 2007 WL 2694243, at *1 (N. D. Cal. Sept. 11, 2007).  Accordingly, the district judge issued a permanent injunction.[1]  *Id.*  District courts have continuing jurisdiction to enforce their injunctions.  *Crawford v. Hoing*, 37 F.3d 485, 488-89 (9th Cir. 1994).  Since *Armstrong* is a case out of the United States District Court for the Northern District of California, plaintiff's claims seeking enforcement must be dismissed without prejudice to plaintiff filing an action in the proper court. The court now turns to plaintiff's claims that properly are before this court.

The following allegations all pertain to claims 1 - 4: Unidentified individuals, apparently at Folsom State Prison, overcharged plaintiff for goods and services for which he paid using his prison trust account. Compl., at 7.  Therefore, money was withdrawn from that account without his authorization.  *Id.*  Plaintiff filed a claim with the Victim Compensation and Government Claims Board (hereafter, "Board"), but did not receive a denial until 10 months after he was paroled.[2]  *Id.*  Based on these allegations, plaintiff makes three particular claims.  He claims that

---

[1] That court revised the injunction February 11, 2002.  *Id.*

[2] Plaintiff does not allege either the date he was paroled or the date of the denial.  In making these allegations, he refers to "Ex. A."  However, no exhibits are attached to the complaint.

2

defendants Karim E. Noujim and Sue Smith conspired to delay resolution of his complaint of overcharges in violation of the Due Process Clause of the Fourteenth Amendment.  Complaint, at 7.  He also claims that this delay was in furtherance of Karim E. Noujim's policy of intentionally delaying the resolution of prisoners' claims in order to deprive them of their property. *Id.*, at 7-8.  He also seems to claim that the appeals coordinator at the prison, K. Thacker, participated in the conspiracy of Susan Smith and Karim E. Noujim by delaying the resolution of plaintiff's prison administrative appeals.  Finally, plaintiff claims that K. Thacker violated his right to due process in the prison grievance system by delaying the resolution of an administrative appeal.  For the reasons explained below, plaintiff fails to state a claim for relief.

**I.     Conspiracy Claim**

Section 1983 creates a cause of action against any person who, under color of state law, deprives a citizen or person within the jurisdiction of the United Sates of a constitutional right. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  Essential to any claim under § 1983 are allegations which show a connection between a defendant's actions and the deprivation the plaintiff alleges. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377  (1976). Accordingly, the Ninth Circuit has held that a person deprives another "of a constitutional right, within the meaning of  section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which" the plaintiff complains. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  To state a claim that two or more persons have engaged in a conspiracy, plaintiff must allege specific facts showing they intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof.  *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988).

As noted, plaintiff alleges that Susan Smith, Karim E. Noujim and K. Thacker have conspired against him in order to ensure he was not compensated for the wrongful deprivation of his property.  He asserts that each defendant delayed resolution of his complaints in two different

3

administrative arenas, i.e., Victim Compensation and the prison appeals system. It clearly would be unlawful intentionally to use one's position as an employee of the Board in order to defeat a pending claim. Plaintiff does not, however, allege facts showing that defendants intended or agreed to accomplish this objective. Thus, plaintiff fails to state a claim that these defendants conspired against him. Even if plaintiff alleged facts demonstrating a conspiracy, he would not be able to proceed on the claim in federal court. This is so because although he alleges an unlawful objective, i.e., defeating his claim before the Board, as explained below, there is no federal constitutional violation involved in the allegations regarding those proceedings. Therefore, this claim must be dismissed with prejudice.[3]

## II.   Due Process Claims

### A. Plaintiff's Claim before the Board

As noted, plaintiff claims that Susan Smith and Karim E. Noujim violated due process by waiting beyond 45 days to notify him that his claim before the Board was denied. Any determination of whether a plaintiff states a claim under the Due Process clause of the Fourteenth Amendment requires a finding of whether there is a protected interest at stake and, if so, whether process was afforded which was adequate to protect that interest. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."); *Goss v. Lopez*, 419 U.S. 565, 579 (1975) (timing and nature of the required hearing "will depend on appropriate accommodation of the competing interests involved."). With respect to the first question, i.e., whether plaintiff had a protected interest, the court finds that he did. The law is well-established that a cause of action

---

[3] Insofar as plaintiff could state an Eighth Amendment claim, the court would decline to exercise supplemental jurisdiction over a conspiracy claim based on an intent to achieve an objective that violates state law. 28 U.S.C. § 1368. Plaintiff's claim about his Board proceedings arise from a wholly distinct set of facts that give rise to whatever Eighth Amendment claims he may have.

is a species of property protected by the Fourteenth Amendment's Due Process Clause. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). A related species of property interest is a claim that a State requires be presented for adjudication before an administrative agency before the claimant may file an action in court. *Logan v. Zimmerman Brush Company*, 455 U.S. 422, 430-31, 433 (1982). Here, as explained below, plaintiff's claim before the Board was a prerequisite to suit in California's courts. Cal. Gov't. Code § 950.2 (West 1995). The court finds that under *Mullane* and *Logan*, plaintiff had a property interest in his claim. The defect in plaintiff's claim is in his allegation that he was denied the process due to him. He alleges that Smith and Noujim deprived him of the proper adjudication of his claim, and, therefore, the opportunity to bring suit in state court. In particular, plaintiff alleges that they failed timely to notify him that his claim had been rejected, as required by statute. A brief explanation of California law is necessary in order to explain the precise deficiency of plaintiff's claim.

In California, before a person may bring an action against a government employee for allegedly wrongful deprivation of personal property, the person must first present his claims to the Board in a manner prescribed by statute. Cal. Gov't. Code §§ 905.2, 915(b) (West Supp. 2009), § 950.2 (West 1995). The claim must be presented to the Board in a proper application within six months of the time it accrued. Cal. Gov't. Code § 911.2(a) (West Supp. 2009). Ordinarily, the Board has 45 days to take some action on the claim, as by taking evidence or summarily denying the claim. Cal. Gov't Code §§ 912.4(a), 912.8(West Supp. 2009). Action may include investigation and either a formal hearing, informal hearing or presentation on the written papers. Cal. Code Regs. tit. 2, §§ 617.1 - 617.9. When a claim is rejected, the Board must give written notice to the claimant. Cal. Gov't. Code § 913. If the Board fails to act on a claim within 45 days, then "the claim shall be deemed to have been rejected by the board on the last day of the period within which the board was required to act upon the claim." Cal. Gov't Code § 912.4. The Board must give written notice of any inaction on the claim which constitutes

a rejection under § 912.4. Cal. Gov't. Code § 913(a). Any written notice of rejection must contain a warning that if the claimant intends to commence suit on the claim, he must do so no later than six months either from the date the notice personally is served on the claimant or the date it is deposited in the mail to the claimant. Cal. Gov't Code § 913(b) (West Supp. 2009), § 945.6 (West 1995).

Here, plaintiff claims that an intentional delay in resolving his claim extinguished his right to commence an action in a California court. But the statutory scheme just described compensates for delays beyond the 45 days ordinarily required for resolving claims. This compensation occurs through the provision that dissatisfied claimant has six months from the time he is served with notice of the rejection to file suit. Plaintiff alleges that he was notified of the rejection. He does not allege that the rejection omitted the advisement of the time to file suit. Thus, it does not appear that the 10-month delay, as plaintiff alleges, extinguished plaintiff's claim. Furthermore, any claim related to the process afforded to him in proceedings before the Board are cognizable in California's courts. *See Beck Development Co. v. Southern Pacific Transportation Co.*, 44 Cal.4th 1160, 1188 (1996) (considering procedural due process challenge to administrative agency's imposition of a moratorium on development). Any remedy plaintiff has for his allegations pertaining to the proceedings before the Board lies in the state courts. He has no federally cognizable claim that defendants Karim E. Noujim and Sue Smith violated his right to due process.[4] These claims must be dismissed with prejudice.

### B. Plaintiff's Prison Administrative Appeal

Plaintiff claims that K. Thacker, the appeals coordinator at FSP, violated due process by denying his administrative appeal in which he challenged the actions of prison officials in making overdraws on his prison trust account. Unlike the California Tort Claims Act, described above, claims in prison grievance systems do not amount to a property interest. Indeed, the

---

[4] It is this inability to state a due process claim that ultimately defeats any conspiracy plaintiff might be able to state.

Ninth Circuit has stated that "[t]here is no legitimate claim of entitlement to a [prison] grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (plaintiff's claim that he was deprived of a liberty interest in the processing of his administrative appeals failed to state a claim because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."). Plaintiff's allegations demonstrate that he has no federally protected interest. Thus, plaintiff fails to state a claim that K. Thacker violated his right to due process. This claim must be dismissed with prejudice.

**III.     Eighth Amendment Claims**

Plaintiff also attempts to claim that staff at Folsom State Prison violated his rights under the Eighth Amendment. He alleges that in December of 2007, a pipe burst while he was showering and debris fell on his head, neck, back and shoulders, causing severe injury. Complaint, at 10-11. Thereafter, he was placed in a holding cage outside while his head was bleeding, and he was left there unclothed for several hours before he received medical attention for his injuries. *Id.* at 11. Plaintiff attributes responsibility for the lack of medical care to Dr. Nguyen Hoan on the ground that "he was not notified or failed to examine the plaintiff for his complaints of pain and while bleeding from the head." *Id.* at 11. To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v.*

7

*Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).  Plaintiff's allegations fail under these theories.  With respect to the pipe that burst, he does not allege that any prison official knew there was a risk of harm, but failed to take reasonable measure to abate it.  As to Dr. Nguyen Hoan, plaintiff's allegations are too vague on the question of deliberate indifference. To proceed on his Eighth Amendment claims, plaintiff must amend his complaint.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema*

*N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules

9

require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, it hereby is ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. This leave to amend is granted with respect to his Eighth Amendment claims only. If plaintiff elects to file an amended complaint, he shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to file an amended complaint may result in this action being dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4. Plaintiff's claims that defendants violated the injunction in *Armstrong v. Schwarzenegger* are dismissed without prejudice to filing an action on this basis in the United States District Court for the Northern District of California for failure to state a claim; and

5. The following claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915A for plaintiff's failure to state a claim:

    a. that Karim E. Noujim, Sue Smith and T. Thacker conspired to deny him due process in proceedings before the Victim Compensation and Government Claims Board;

10

      b.  that Karim E. Noujim and Sue Smith violated his right to due process before the Victim Compensation and Government Claims Board; and,

      c.  that Sue Smith violated plaintiff's right to due process in the prison grievance system.

Dated:  July 22, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11